IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Timothy Farmer, | ) | C.A. No. 2:05-2367 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| George Gintoli, Director, South Carolina Department of Mental Health; John Connery, South Carolina Department of Mental Health; Jonathan Ozmint, Director of South Carolina Department of Corrections, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This action, seeking relief pursuant to Title 42, United States Code, Section 1983, was filed by Plaintiff Timothy Farmer ("Plaintiff") on August 16, 2005. (Doc. # 2). The Plaintiff filed a motion for summary judgment on October 27, 2005. (Doc. #10). Defendants George Gintoli, John Connery, and Jonathan Ozmint ("Defendants") replied to the Plaintiff's motion, and filed their own motion for summary judgment and supporting memorandum, on November 29, 2005. (Docs. #13, #14). As the Plaintiff is proceeding *pro se*, an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on December 1, 2005, advising the Plaintiff of the importance of a motion for summary judgment. (Doc. #16). The Plaintiff was specifically advised that he had 34 days to respond and that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Id. The Plaintiff filed a response on December 16, 2005. (Doc. #17). On May 10, 2006, Magistrate Judge Robert S. Carr, to whom this matter had been previously assigned, issued

1

a Report and Recommendation ("the Report") in this case recommending that "the plaintiff's summary judgment motion be denied, that the defendants' summary judgment motion be granted, and the action be ended." (Doc. #19). On May 23, 2006, the Plaintiff timely filed objections to the Report. This matter is now before the Court for review of the Report issued by the Magistrate Judge.

> In conducting this review, the Court applies the following standard:
>
> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of this standard, the Court has carefully reviewed the Report and the objections thereto. The Court elects to accept the Report.

Therefore, for the reasons articulated by the Magistrate Judge, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation is **ACCEPTED** (Doc. #19), the plaintiff's summary judgment motion be denied, the defendants' summary judgment motion be granted, and the action be ended.

**IT IS SO ORDERED.**

                                                S/ Terry L. Wooten
                                                Terry L. Wooten
                                                United States District Judge

June 7, 2006
Florence, South Carolina